v. Brown, Mr. Gordon. May it please the court, counsel, my name is Jeremy Gordon and I represent the appellant in this case, Franklin Brown. We are here on the denial of a 3582 motion from the United States District Court from the Northern District of Illinois. Our original appeal brought forth two grounds. First ground was that the district court erred in denying Brown's motion without first making a finding that the amount of drugs involved with the amount of drugs that was involved in the offense and that the district court also erred in stating that Brown's motion should be denied because he was a career offender. The government has conceded that Mr. Brown was not a career offender so then that means that the issue that's in this court is the fact that the district court erred in denying Brown's motion without finding the amount of drugs that was involved in this offense. In the district court, when Brown was originally sentenced, the court stated that a hundred and fifty kilos was in the zone of the defendant's responsibility. Then in the denial of a 3582 motion, the court stated that there was evidence that 450 kilograms was part of the responsibility but the court did not make that as a finding. It was just a statement that was written in the court's order. Then furthermore in the court's order at the district court level, the court says that there could have been enough for either a 40 or 42 but again I would submit to the court that those are not sufficient findings in order to reject Mr. Brown's motion. Now in Davis, which is cited in... How much drugs would have been required for a 40 or a 42? I believe that it would have been... Well, it's above 450 kilograms. Above 450 kilograms is level 38 and then there's no such, there's no findings. So it would be above 450? Yes, Your Honor. Now in the Davis case, the court indicated that the court also makes further findings when they're determining what to do with the 3582 motion, especially when the new findings are often necessary when retroactive amendments have altered the relevant drug quantity thresholds for determining a defendant's base offense level. So the court can make findings, the district court can, when they're with either looking at the record or holding subsequent hearings. But in this situation, the court did neither and the thing that the court did say was not sufficient enough in order to be a finding in order to reject Mr. Brown's 3582 motion. So what I would ask the court to do is I would ask the court to reverse the decision of the lower court and send it back down to the lower court so that they can make those findings, either through hearings or through the record or some other thing. And if there are no questions, then thank you. Thank you, Mr. Gordon. Ms. Rodney? Good morning. May it please the court, Renee Rodney on behalf of the United States. Your Honors, the district court's conclusion that the defendant was responsible for more than 450 kilograms of cocaine constituted a proper finding of the amount of drugs to support the court's denial of his 3582 C2 motion. The defendant claims that the court's findings were not conclusive or without explanation and that simply ignores the text of the district court's order as well as the basis for its sentencing below, which was never challenged an appeal by the defendant. At the original... I don't understand, what did the judge say to justify his conclusion that more than 450 kilograms were involved? He referred to his comments at the original sentencing, Your Honor. A comment what? The district court referred to its findings at the original sentencing. Well, the original sentencing he said more than 150. Yes, he said... So what, didn't he have to say something to justify his later conclusion that it was more than 450? Yes, Your Honor. I don't see what he said. At the original sentencing, in addition to finding that Mr. Brown was responsible for 150 kilograms of cocaine, the court also said I think if we had a level 40 or 42 on top of that, it probably makes that figure too. I know, but when he says I think and probably, that's conjectural. He's not making a finding of more than 450. Right, because in 2012... Right, but later in the second sentencing he says more than 450, but I don't see where he gave any explanation. He didn't refer to the witnesses, you know? No, he refers to the original sentencing in addition to saying level 40 or 42. It also says I think it's proven probably twice over that, so the level is 38, and at the time... He makes these very casual brief comments at the first sentencing, where it's just, where the only issue is 150 kilograms. 450 obviously is a lot more, three times as much, but when, but in the second re-sentencing he says virtually nothing. Well, in his review of the defendant's 3582C motion, your honor, he refers back to that first sentencing, and the judge made those comments after having considered... But in the first sentencing, he's very casual. 150, yes, and he said it could be more, could be a lot more. He said could, but he didn't, he didn't, because the defendant's lawyer had tried to diminish the effect of the three witnesses, who got it up into the thousands, and the judge didn't respond to that, say I believe your witness, I don't believe what you're saying. He just said, okay, more than 150, maybe a lot more, but there wasn't any discussion. He didn't say, I believe this witness, that witness, and then later, with the re-sentencing, there's almost nothing about why he, why he thinks it's more than 450. You'd think he'd say, well, these three witnesses testified, they're all crooks, of course, but I found them credible. Wouldn't you expect something like that? The court did not use those words, your honor. The parties were so far apart on drug quantity, the government was seeking a finding of 2,942 kilograms of cocaine, and the defense was seeking a finding of five. All the judge needed to find was 150 kilograms or more. At that time, that's all that the guidelines provided for, so he found that, and then made these comments that if the guidelines provided for one to two steps higher, or level 40 or 42, he, Mr. Brown probably met that figure, but at the time, the court didn't need to make that specific finding, because he already found him at 150 or more. Right. So when we get to the request for a reduced sentence, the court was required to figure out how much more than 150 kilograms was Mr. Brown responsible for. Would he still be at a level 38, or would he bump down to level 36? And in making that finding, the court referred back to his comments at the original sentencing that he... Did Brown's lawyer have a chance to argue that it was 450 kilograms in that second sentencing? No, your honor, there was no hearing. The parties briefed the matter. I mean, when the judge ups the ante from 150 to 450, shouldn't the defendant's lawyer be given a chance to rebut that? Well, the defendant's lawyer asked for a finding between 150 and 450 kilograms, and the government pointed to all the evidence that supported its position that the defendant was responsible for nearly 3,000 kilograms. So as long as the court makes new findings that are consistent with what it did at the original sentencing... But it's all so casual. That's what bothers me. It's so casual on the part of the judge. Your honor, I think based on the posture of the case... He never said anything about the credibility of the witnesses. No. He didn't say anything, really. At the same time, he made no adverse credibility findings, either, your honor. He sounded as if he was paying attention. I definitely think he was paying attention, your honor. This is the manner in which the court decided to address the issue. It wasn't a full resentencing at the point where the 3582 motion was presented. The court looked back at what was in the record, asked the defendant's drug quantity, and found that he would remain at a level 38 because he met the threshold of 450 kilograms or more. And there is nothing in the record pointed to by the defense in its reply brief in the district court to say why the judge shouldn't find more than 450 kilograms. Right. He referred back to his statements at the original sentencing about the evidence being sufficient to justify a level 40 or 42 as sort of a proxy for a 450 finding. But that proxy doesn't work, right? Because we don't know what 40 or 42 would have been? Your honor, I believe it would have been if you increase the guidelines or the offense levels by multiples of three, which is what the guidelines do for quantities of cocaine, starting at level 30. A level 42 could conceivably be, in 2012, 450 kilograms or 1,350 kilograms if at a level 42. Excuse me. Okay, so it could be a proxy. And if we're trying to figure out what the judge is thinking was here, he was using that as a shorthand for saying there's enough to demonstrate 450 kilos. Correct, your honor. And again, this was the trial judge who heard the witnesses, saw all the other evidence. The government gave a lengthy presentation and written papers about why, over this six-year conspiracy, the defendant could conceivably be responsible for that much cocaine. So the judge wasn't speculating. His commas definitely were brief, but they were supported by the record. That finding was never challenged on direct appeal at the time. In its request, in the defendant's request for a finding of between 150 and 450, there was nothing pointed to in the record to overcome what the government had shown at the original sentencing. And the findings that the defendant was one to two steps higher than what was provided for in 2012 by the guidelines to show that the defendant should remain at a level 38 and therefore wouldn't be entitled to any relief under 3582. Okay, well, thank you, Ms. Rodney. Thank you very much. Mr. What I would say to the prosecution is that the findings that were, the statements that were made here were not enough. In order to say that the judge said colloquially or casually that there could have been a 40 or could have been a 42, there just were not sufficient findings that were made at the district court level in order to justify this denial. Well, the judge did say at the resentencing there was evidence that more than 450 kilograms was part of his responsibility. So you want to remand so that he can say, I find that the evidence demonstrates that there was more than, to translate that language into a finding is what you want to have a remand for. I would ask that the court, that this court remand it back to the district court in order for them to make findings. If they do make that finding, then so be it. And then that would be up to them. That's my question here, is that he's stating it in terms that sort of resemble a finding, but he's not using the language of a finding. So, I mean, why isn't this good enough? There was evidence that more than 450 kilos was part of his responsibility. And I credit that evidence, period. What I would say to the court about that is that what has been presented at this point is not sufficient for a finding. Now, I would ask that when we get back to the district court. Right, you're not challenging the sufficiency of the evidence. You're, you're saying he didn't make the finding. Yes, Your Honor, that is what I'm saying. And I'm saying this is pretty darn close. It may not be in the language of a finding, but it's, it's the same thing. And that a remand is going to be pointless because all he has to say is I credit that evidence. I, my position is that a remand would not be pointless and it would give Mr. Brown a chance to get that heard either with, uh, with an order or with evidence. Were you his lawyer in the district court? I was, Judge. Now, then it was you who raised questions about the credibility of the three witnesses? I was his lawyer at the, on, on the rebuttal for the 3582. There was another person that was his lawyer at the district court for the original trial and for the original sentence. And he made those arguments about the, the non-credibility of the witnesses or you did? That other lawyer did. Okay. When he did that, did the judge comment on that at all or? In my review of the record, um, there was, that was not, that was not brought up by the judge. Okay. Thank you. Thank you very much. Thank you. Mr. Gordon and Ms. Rodney. So our next case.